25

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN & JANES DOES 1 to 44,000,

55 PARNALL PLAINTIFFS,

FRIENDS, FAMILIES & EMPLOYERS

OF REGISTRANTS AND ALL

SIMILARLY SITUATED:

    Plaintiffs,

Case: 2:21-cv-12843
Judge: Goldsmith, Mark A.
MJ: Ivy, Curtis
Filed: 11-17-2021
CMP JOHN DOES ET AL. VS
MICHIGAN STATE POLICE, ET AL. (DP)

V.

MICH STATE POLICE;

JOSEPH GASPER; & PAST STATE POLICE

DIRECTORS - CURRENT & PAST GOVERNORS:

CURRENT & PAST LEGISLATORS; STATE OF

MICHIGAN; CURRENT & PAST ATTORNEY GENERALS;

PARNALL WARDEN DAVE SHAVER;

& DEFENDANT JOHN AND JANE DOES (to be named);

in their official & individual capacities,

    Defendants.

Prepared by:
Arthur J. Rouse, #274237
Primary Plaintiff
Parnall Correction Facility
1780 E. Parnall Road
Jackson, MI 49201-7139
www.Jpay.com (email)

Dana Nessal (P39385)
Attorney for Defendants
Mich. Attorney General
PO Box 30217
Lansing, MI 48909
(517) 335-3055

CLASS ACTION COMPLAINT
WITH JURY REQUEST

# TABLE OF CONTENTS

I.   Parties:

    Plaintiffs..........................................1

    Defendents.........................................2

II.  Jurisdiction.........................................3

III. Venue................................................4

IV.  Statement of Facts...................................5

V.   Proposed Class Action for FRCP 23....................6

VI.  Multicount Complaint:

    Count One (Years of Banishment Violated Civil Right).......7
    Count Two (Public Registration Applied to Pre-SORA)....8
    Count Three (Amended to Lifetime Registration After Sent)..9
    Count Four (Adding New SORA Requirements After Crime)....10
    Count Five (Money Damages After Established Precedent)....11
    Count Six (New SORA Law Still Violates Both Const.).......12
    Count Seven (Travel Restrictions Violate Both Const.).....13
    Count Eight (Holding Prisoners on Unconstitutional Law)...14

VII. Exhaustion of Remedies...............................15

VIII. Motions Incorporated by Reference...................16

    1. Motion for In Forma Pauperis Status;
    2. Motion to Proceed Pseudonymously;
    3. Motion for TRO & Preliminary Injunction with
     - Ex Parte Hearing for Rouse; &
    4. Motion for Counsel or Next of Friend Representation
     - by Plaintiff Rouse;

IX.  Conclusion of Issues................................17

X.   Relief

Requested............................................18

I.  Parties - A. Plaintiffs:

1. Arthur J. Rouse #274237,
2. Corey Hernandez #357096;
3. Austin Nowell #958459;
4. Haynes #595669;
5. Lawrence Fitspatrices #946883;
6. Alex Shane #852375;
7. Terreance Newton #951635;
8. Brian Hines #879171;
9. Hoffman #405795;
10. Gregary Waston #544407;
11. Anthony Veasley #624871;
12. Marcus Warden #980751;
13. Jerome Thomoson #540505;
14. Stephen Johnson #610944;
15. Joshua Thomoson #540505;
16. Daniel Martinee #610944;
17. Jeffery Smith 484133;
18. Cornel Wilkias #805323;
19. Holiece Ruiz #629082;
20. Tyler Kiefs #612194;
21. Cruz #721753;
22. Oric Salyer #638444;
23. Jonathon Cole #535158;
24. Brandon Runl #384566;
25. Brian Meyer #553155;
26. Robert Combs #213566;
27. Anthony Donaldson #518742;
28. Michael Holton #240844;
29. John Grosnickle #620656;
30. Lee T. Holms #704429;
31. Chris Baldwin #530060;
32. Wm Cassady #168235;
33. Gary Gaylor #648075;
34. Lindel Foots #203853;
35. Lonnie Welch #190463;
36. Andrew Gratt #668906;
37. Walter Walls #927542;
38. Justin Sheldan #545370;
39. Dwight Stacey #979888;
40. Walt Harrington #501305;
41. Nich Koch #482158;
42. Matthew Norton #767920;
43. Benjamin Carter #656113;
44. Brian Neelis #220653;
45. Victor Jones #158270;
46. Daniel Pierce #409333;
47. Paul B. Lopez #521537;
48. Willie Moores #220642;
49. Chris A. Fette #235166;
50. Rich Sieradzki #195629;
51. Daniel R. Coroler #532878;
52. Chris Washington #365096;
53. Julius Runye #491950;
54. Brian Beals #241496;
55. Justin R. Diericks #472566;
56. John P. Moore #713922;
57. John & Jane Does to 44k;
58. Plus Family, Friends
59. And Employers of Sex Offenders.

All of the above Plaintiffs except Haynes (was paoled before this was filed) are located at Parnall Correctional Facility, 1780 E. Parnall Road, Jackson, MI 49201-7139

This Complaint also includes the Plaintiffs family members (as next of friend), friends and employers of those who must register as parties to this Complaint because they are also subject to the negative consequences of these registration laws.

We are all including all who are similarly situated on the Michigan registration (for counsel representation).

-1-

I.   Parties B. Defendants:

1. The Michigan State Police and its Directors are located at Dimondale, Mich which the Eastern District for the US District Court;

2. Danna Nessal who is a named Defendant and is the Legal Representative for the Defendants at PO Box 30217, Lansing, MI 48909 (517) 335-3055;

3. All currant and past Michigan Legislators are located at the Mich Capital, Lansing MI;

4. Gretchin Whitmer and the past Governors are also located at the Mich capital Lansing, MI:

5. State of Michigan is also at the capital for its point of representation;

6. The Parnall Warden Dave Shaver is located in Jackson, MI. He is listed only for the writ of nabeas corpus.

7. Defendants John & Jane Does will be named as they become identified.

    Note: this sue is against the Defendants in their official capacity is for the Declaratory & Injunctive Relief.
    This suit is also in Defendants individual capacities for money damages for the years of banishment and double jeopardy issues from the banishment and public registry.

-2-

II.  Jurisdiction:

1. The Jurisdiction for this Civil Rights Case comes from:
     a) 42 USC 1981 (Equal Prot of Law);
     b) 42 USC 1983 (civil rights);
     c) MCL 37.2101 et seq (Eliott Larson Civ rts);
        - via Pendent Jurisdiction 28 USC 1367;

2. The Authority of the Federal Law comes from:
     a) 28 USC 1331 (Fed Question);
     b) 28 USC 1651 & 2201 (All Writs Act);
     c) 28 USC 2202 (Declaration Relief);
     d) 28 USC 2241 & 2254 (Habeas Corpus);

3. Fed Rules of Civil Proc ("FRCP") comes from:
     a) FRCP 23 (Class Certification);
     b) FRCP 57 (Dec. Relief);
     c) FRCP 65 (Injunctive Relief);

4. US Constitution:
     a) art I, sec 9, cl 3 & sec 10, cl 1, (Ex Post Facto);
     b) 5th Amend (Proc DP, Double Jeopardy);
     c) 8th Amend (Cruel & Unusual Punishment);
     d) 14th Amend (EP & DP);

5. Mich. Constitution:
     a) art I, sec 2 (Equal Protection);
     b) art I, sec 10 (Ex Post facto) &
     c) art I, sec 15 (Double Jeopardy).

III. Venue:

1. Venue for this civil rights action comes from 28 USC 1396;

2. The Defendant for the hybrid writ of habeas corpus being 28 USC 2241 & 2254 is the Eastern District Michigan;

3. The Michigan State police Director is in ~~Harris~~ Diamondale Michigan which is also the Eastern Federal District;

4. Other Michigan Sex Offender Registration Act ("SORA") were heard in the Eastern District Court;

5. All of the Plaintiffs in this case are located in Jackson Michigan except for a few who were released before this filing;

6. The others are located in Lansing which is covered in Diversity of Jurisdiction 28 USC 1332.

-4-

IV. Statement of Facts:

1. The state and federal courts in Michigan have all ruled the old SORA laws unconstitutional. Both courts said the above law could not be separated and it was repealed. See People v Betts, 2021 Mich Lexis 1304; Does v Snyder, 2021 US Dist Lexis 145712.

2. Almost 5 years prior to those rulings, the 6th Circuit also said the Michigan SORA laws were punitive and could not be applied retroactively without violating the Ex Post Facto Law. See Doe v Snyder, 834 F3d 676 (6th Cir 2016). Also see other state that made the same ruling decades ago and gave these Michigan Defendants years of advance notice. See Doe v Pataki, 919 F Supp 691, 702 (NY 1996) & Exhibit C (list of jurisdictions that ruled the same - incorporated herein by reference per FRCP 10).

3. The Defendants, including the Michigan State Police and its Directors clearly and knowingly violated the Plaintiffs (including Plaintiff Rouse, Neelis & others) civil rights by applying this unconstitutional law retroactively to SORA crimes that took place prior to those laws enacted.

4. These violations include the public registration and bannishment requirements which were enforced by the State Police long after the 6th Circuit ruled it was illegal and they are liable in their individual capacities.

5. Furthermore, they cannot now un-bannish them to "unring the bell" in anyway other then monetary damages and to remove them from the registry.

6. The new law cannot be imposed on the sex offenders because the new law or its requirements were not part of their original sentence. The new law is worse in some ways because the new requirements of registering "every" phone used and "every" vehicle driven may not be possible because the offender may not have that information and it will be a guaranteed conviction trap.

7. In addition, automotive mechanics will not be able to work because they will have to register venicles they drive everyday and the employers will fire them because all the owners of the venicles they drive will be registered as sex offenders.

8. The new cannot be applied to prior SORA crimes for many reasons: (1) Mich law clearly states the old public act of 1994 (MCL 28 723); (2) the new law, as stated above, is worse and has punitive effects, and (3) Mich jurisprudence requires the SORA law to be part of the sentence or they have a right to withdraw their plea. See Fonville, 291 Mich App 263 (2011).

9. Last, prisoners are being held illegally on the old SORA law convictions and they should be released immediately.

-5-

V.   Class Action Request FRCP 23:

1. Group One: All who committed their SORA offense prior to the 1994 public law being MCL 28.721 et seq and bannished;

2. Group Two: all who committed their SORA offense after the first SORA law 10-1-94 and before the 2011 amendment;

3. Group Three: all whose SORA requirements were not part of their original Judgment of Sentence;

4. Group Four: all who committed their SORA offense before the March 23rd 2021 SORA law;

5. Group Five: all current prisoners who were convicted under the old unconstitutional SORA law; and

6. Group Six: friends, family & employers who live with or employ a sex offender.

VI.  Multicount Complaint:

Count One (Years of Bannishment Violated Plaintiffs' Civil rights):

1. All of the Defendants have been put on notice, long before they repealed the unconstitutional SORA law including the Snyder 6th Cir ruling and the cases sited in Exhibit B incorporated herein by reference.

2. The old & new SORA laws also violated the outlawed Bill of Attainder and the 8th Amendment. See Exhibit C (State Appellant Defender Office) and all the exhibits incorporated into this entire complaint by reference per FRCP 10.

3. Sex offenders have the lowest recidivism rate and they are the most disliked and disadvantaged groups in this country. See Nebraska, 734 F3d 882 (2010).

Facts:

4. In 2016, the Defendants were given fair notice that their SORA laws were punitive by the 6th Circuit and other jurisdictions also notified them by their rulings. The Defendants cloked the SORA Law alleged the SORA laws was for civil not punitive reasons (but it was really for punishment purposes violating double jeopardy. See Exhibit B.

Short Plain Statement of Relief Sought:

5. The Plaintiffs are requesting declaratory and/or Injunctive Relief to bar the Defendants from applying any of the SORA laws to them including Rouse, Neelis and others similarly situated under 42 USC 1983 and all the authority in the jurisdiction page incorporated by reference.

Case Law (incorporated by reference FRCP 10):

6. Betts, Snyder, & Whitmer supra, Doe v State 189 P3d 999 (AL 2008) in effect, overruling the US Supreme ruling in Smith v Doe. Also see, law review titled: the Evolution of Unconstitutional Sex Offender Registration Laws, 63 Hastings LJ 1071 (2012).

Count Two (Public registration Applied to Pre-SORA Crimes):

1. The Defendants disguised the SORA laws and its amendments as civil actions so they could punish sex offenders a second time in direct violation of the state and federal Constitutions. This includes the public registry.

2. That also violated:
    a) Bill of Attainder & Ex Post facto;
    b) Cruel & Unusual Punishment of the 8th Amend;
    c) Proc DP, of 5th Amend;
    d) DP & EP of the 14th Amend;
    e) Equal Treatment of 42 USC 1981; &
    f) Mich State Const (see Jur. page);

Facts:

3. Plaintiff Rouse, Neelis and others who committed their SORA crimes years before any SORA law were legislated and should not be applied to them or any others similarly situated.

Plain Statement of Relief Sought:

4. Because of the above violations, the Plaintiffs are requesting Declaratory and Injunctive Relief under 42 USC 1981 & 1983 as stated in the jurisdiction page incorporated by reference.

Case Law (incorporated by reference herein):

5. Roe v Snyder and Lewis v Whitmer.

Count Three (Registration Changed to Lifetime);

1. It is unconstitutional to retroactively apply a new SORA law to past crimes and changing it to lifetime from the original 15 or 25 years. The old and new SORA Laws are and were punitive according to Snyder & Whitmer supra.

2. This action violated the Ex Post Facto Laws, Bill of Attainder, Due Process ("DP"), Equal Protection ("EP") and Cruel & Unusual Punishment of the 8th Amend. and the Civil Rights of the Michigan Constitution of 1963.

3. In addition, Plaintiff Rouse and others similarly situated, plea bargained with the state to a maximum of 15 years and a lifetime registration violated that agreement. See People v Commi.

4. This also violated Due process as stated in the Pennsylvania ruling and the US Supreme Court sentencing requirements. See Torsilieri, 232 A3d 567, 575 (PA 2020) quoting Apprendi & Alleye. Also see Muniz, 640 PA 699 (PA 2017).

Facts:

5. The Defendants, including the State Police Directors, have applied the new and old SORA laws to Rouse to require him to register for life in violation of the above Constitutional Rights.

Plain Statement of Relief Sought:

6. The Plaintiffs are seeking declaratory and Injunctive Relief pursuant to 42 USC 1981, 1983 and 28 USC 2201 & 2202 to stop these illegal actions of the Defendants.

Case Law (cases & their arguments are incorporated by reference):

7. Powell v Keel, 860 SE2d 344 (S. Cara 6-9-21); People ex rel, 2021 CO 59 (6-28-21); Doe, 2020 US Lexis 242255.

-9-

Count Four (Adding New SORA Requirements After Crime):

1. Under the 6th & 14th Amendment, Michigan is required to place the specifics of the Judgment on the record and in the Sentence of Judgment so the Defendant can object and appeal if needed. And if needed, Motion to Withdraw their plea. See Fonville, 291 Mich App 263 (2011).

2. In addition, the past panishment and the new register of all vehicles & phones are punitive. These punishments should have been part of the Defendants original sentence and now violates the state & federal Constitutions, including but not limited to Bill of Attainder, Ex Post Facto laws, DP, EP, Cruel & Unusual Punishment of the 8th Amendment. See Muniz & Torsilier supra quoting Apprendi & Alleyne, incorporated by reference with the Jurisdiction page 3 along with the Exhibits.

Facts:

3. The Defendants, including the State Police Directors, violated the Plaintiffs Civil Rights, as stated above, when they added the SORA requirements after the crime for registry was committed.

Plain Statement for Relief Sought:

4. The Plaintiffs are requesting Declaratory and Injunctive Relief via 42 USC 1981, 1983, 28 USC 2201 & 2202 as stated in the jurisdiction page 3, incorporated herein by reference along with all the information in this Complaint, Motions & Briefs filed this day.

Case Law (cases are incorporated by reference):

5. People v Comer, 500 mich 278 People v Fonville supra, and the both the above Supreme Court & PA cases.

-10-

Count Five (Money Damages for Banishment After Established Precedent of the Sixth Circuit):

1. There are many published and unpublished cases that gave the Defendants advance notice that they were in violation of the state & federal Constitutions. See Snyder supra & Exhibit B (list of various jurisdictions on SORA & SORNA laws ruled unconstitutional), incorporated by reference along with the other exhibits.

2. Please take Judicial Notice that a Stop & Desist Request was sent to Defendant Jasper months ago and he has not responded. See Exhibit A (Stop & Desist Request).

Facts:

3. The Defendants, & State Police Directors, have placed these unconstitutional requirements on the Plaintiffs whose crimes were pre-SORA laws on Plaintiff Rouse and others after being warned by published cases (Snyder & Exh. B) and refused to follow those mandates.

Plaint Statement of Relief Sought:

4. The Plaintiffs are requesting monetary damages for the years of banishment under 42 USC 1981, 1983 & MCL 37.2101 et seq (Eliott Larson Civil Rights) in their individual capacity.

Case Law (case incorporated by reference):

5. Hoffman, 249 F Supp 3d 951, 958 (WI 2017).

-11-

Count Six (The New SORA Law, as Applied to the Plaintiffs pre 5-23-21 is unconstitutional):

     1. As stated in Count Four (& the other Counts incorporated by reference), the new SORA law must be part of the original sentence and Sentence of Judgment for the following reasons:

           a) the new SORA law is punitive (as stated earlier);
           b) in Michigan Defendants can withdraw their plea if
              - new issues are added;
           c) it is an illegal Bill of Attainder.

     2. The Michigan law clearly uses the old Public Act from 1994 in its statute mandating who must register. See MCL 28 723.

Facts:

     3. The Defendants, including the State Police Directors, have unlawfully applied this new SORA law retroactively violating the Ex Post Facto, Bill of Attainder and 8th Amendment under Cruel & Unusual Punishment.

Plain Statement for Relief Sought:

     4. The Plaintiffs are are requesting Declaratory & Injunctive Relief against the Defendants in their official capacity to stop the implementation of this new SORA law against the Plaintiffs who committed their SORA crime prior to the enactment of this new SORA law.

Case Law (cases incorporated by reference):

     5. Betts; Snyder; Torsilieri; Muniz supra, Exhibit B; etc.

Count Seven (Travel restriction Imposed After Crime):

1. All the travel restrictions, including but not limited to giving the state & federal governments advance notice (up to a month) before they can leave the state or country violates their right to travel. This includes when they must leave in an emergency, which violates the Plaintiffs' right to travel under the state and federal Constitution.

2. The travel restrictions also violate the original plea agreement of Plaintiff Rouse and others similarly situated.

3. Please take Judicial Notice under Fed. Rules of Evidence ("FRE") 201 that the law library at Parnall and in the Mich Dept of Correction ("MDOC") is still partially shut down for anyone who does not have an active case which includes most of the Plaintiffs in this case.

4. In addition, there is no more extra time available no matter how many cases a prisoners has because of Covid-19 and we need counsel to fully develops these issues.

5. Plaintiff Rouse is also requesting in a separate Motion for Video Conference to fully develop the record.

Facts:

6. The Defendants, including the State Police Directors, have imposed these travel restrictions on the Plaintiffs (including Rouse) between 1 to 2 decades after the crime was committed.

Plain Statement of Relief Sought:

7. The Plaintiffs are requesting Declaratory & Injunctive Relief, pursuant to 42 USC 1981, 1983, 28 USC 2201, 2202, to stop the travel restriction to those who have crimes prior to the enactment of the new SORA Law on 5-23-21.

Case Law (cases incorporated by reference):

8. McGuire, 83 F Supp 3d 1231 (Ala 2015); Doe v lee, 2021 US Dist 90631 & Exhibit B.

-13-

Count Eight (Holding Plaintiffs & Prisoners on A Law that was Ruled Unconstitutional and Repealed):

    1. Many prisoners and Plaintiffs including John P. Moore are being held on a SORA crime - even after both the state & federal courts ruled that the old SORA Laws were unconstitutional and unseperable. See Betts & Whitmer supra.

    2. When a court rules a law is unconstitutional and repealed, they normally release all held under that law - except in the case of sex offenders. The aforesaid Plaintiffs and prisoners should be released immediately.

Facts:

    3. The Plaintiffs (who are held on the old SORA law), including Plaintiff Moore, (SORA law MCL 28.721 et seq) after it was ruled unconstitutional by both the state & federal courts and it's been repealed.

    4. The Defendants, including Warden Shaver, are holding them unlawfully.

Plaint Statement of Relief Sought:

    5. The Plaintiffs and prisoners held on this unconstitutional law, are entitled to an immediate release under 28 USC 2241 or 2254.

    6. It would be futile to exhaust a complete round of the state courts after both courts have ruled the same and Relief from Judgment and the appeal by leave is almost never granted in the Michigan state courts making an state appeal futile.

Case Law (Incorporated by reference):

    7. Betts; Snyder; Whitmer supra; People v Nolan, 2021 Mich Lexis 1706; People v Snyder, 2021 Mich Lexis 1699; and all those SORA cases reversed on 10-8-21 by the Mich Supreme Court.

-14-

VII.  Exhaustion of Remedies:

1. Although some of the named plaintiffs may have filed grievances - there are no official remedies available for the Plaintiffs to exhaust to challenge the unconstitutional SORA laws pursuant to the Prison Litigation Reform Act ("PLRA"). Two Plaintiffs sent a Stop & Desist Request Exhibit A.

2. As the US Supreme Court mandated and the Sixth Circuit confirmed in an Eastern District case, if there are no procedures available - there are none to exhaust under the PLRA. See Doe v Synder, 945 F3d 951, 962 (6th Cir 2019) quoting Ross v Blake, 136 SCt 1850, 1858 (2016). Also see law review article titled: Why the PLRA Needs Fixed, 53 Suffolk UL Rev 799 (2021).

3. Judicial exhaustion for the Habeas Corpus would be futile because the Michigan state & federal courts have all ruled that the old SORA law are unconstitutional and unseverable.

4. Furthermore, the old SORA law has been repealed by the Michigan Legislatures and the Michigan Supreme Court has reversed and dismissed numerous SORA convictions, including but not limited to: People v Betts, Nolan, Snyder supra.

5. In addition, on October 8th 2021, the Michigan Supreme Court reversed and dismissed numerous SORA convictions. It would also be futile to start the slow process of Relief from Judgment and most of the Plaintiffs do not have the legal knowledge to file them.

6. Last, the Parnall law library is still not fully open because of the pandemic. Prisoners cannot use the library unless they have an active case and they can prove it. Neither can Plaintiffs get extra time to use the library because of the Covid-19 restrictions as documented in Mich. Office Memorandum ("OOM") 2021-25 R10 (October 2021).

VIII. Motions Incorporated by Reference:

1. Motion for In Forma Pauperis Status with Supporting Memorandum of Law;

2. Motion to Proceed Pseudonymously with Supporting Memorandum of Law;

3. Motion for Temporary Restraining Order ("TRO") & Preliminary Injunction with Ex Parte Hearing for Rouse with Supporting Memorandum of Law;

4. Motion for Counsel or Next of Friend Representation for Rouse with Supporting Memorandum of Law;

5. All the undersigned Plaintiffs agree to the above Motions for their representation.

IX.  Conclusion of Issues:

1. The Defendants, including the Michigan Legislators, have legislated the unconstitutional SORA laws which have been declared punitive by the Mich. state & federal courts.

2. Although they cloaked them as non-punitive as civil laws to protect the citizens - they retroactively applied them to those convicted of SORA laws long before the SORA laws which were enacted.

3. Those ex post facto violations including the SORA panishments laws were continually applied after the Michigan District & Sixth Circuit ruled them unconstitutional. See Doe v Snyder supra.

4. Furthermore, the Defendants, including the Parnall Warden & Governor, are holding those convicted under that old SORA law that was ruled unconstitutional by the state & federal courts and repealed by the legislators.

5. In addition, the new SORA law is also unconstitutional on its face and as applied to past crimes because it was not part of the original sentence and the NEW restrictions of registering EVERY phone and EVERY vehicle used (which will be impossible for most people and a conviction trap!

6. Last, automotive mechanic, truck drivers and all registrants who drive multiple vehicles - will not be able to work for many reasons: (1) it will be a full time job just reporting the vehicles; (2) all the vehicles will be registered as sex offenders; (3) most employers will not hire them for both those reasons, etc.

-17-

Verified Complaint

1. The above factual information is given under penalty of perjury (28 USC 1746) and is true and correct.

2. Also incorporated by reference are the Declarations attached hereto as if part of the original Complaint.

X.   Relief Requested:

Wherefore, the Plaintiffs pray this Honorable Court will:

1. Grant a TRO and/or Preliminary Injunction to:

a) Stop the public registration for those whose SORA crimes are pre-1994;

b) Stop the public registry of those whose crimes are between 10-1-94 and the 1997 public registry amendment;

c) Prevent the new SORA law from being applied to those whose SORA crimes are before the new SORA enactment of 5-23-21;

2. Order the release of those who were convicted and are still being held on the old SORA law.

In the Alternative, Order an Ex Parte Video Hearing so Plaintiff Rouse can fully develop the record with undocumented information and oral arguments.

Alternative three:

a) Order the Defendants to Answer the Complaint;

b) Set up an Emergency Expedited Hearing for the Preliminary Injunction;

c) Appoint counsel; &

d) And any other relief deemed appropriate.

Dated: November 11th 2021

Respectfully submitted,

-18-

*** Lawsuit on Mich SORA Laws ***

| Name (Print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Victor Jones | 158270 | 11-1-A | Victor Jones |
| Corey Hernandez | 357096 | 43-1-A | Corey Hernandez |
| Frank Sheldon | 643370 | 48-3-A | S. Fil |
| Austin Norrell | 938454 | 2-4-A | Aust Noel |
| Haymes | 395669 | 12-1-A | Amy Lee |
| LAWRENCE FITZPATRICK | 946883 | 66-2-A | Fitzpatrick |
| Alec Shane | 852375 | 27-1-A | Alec Shane |
| Terreance Newton | 951635 | 27-4-A | Terreance Newton |
| BRIAN HINES | 879171 | 76-4-A | Brian Hines |
| Daniel Hoffman | 405795 | 61-3-A | D-Hoff |
| Gregory Watson | 344407 | 32-4-A | G. Watso |
| ANTHONY VERSLEY | 624871 | 40-4-L | Anthony Versley |
| Marcus Warden | 980751 | 11-3-A | Marcus Warden |
| Jerome Thompson | 340505 | 53-4 | Jerome Thompson |
| Stephen Johnson | 610944 | 51-3-A | Johnson |
| Joshua Hoff | 770974 | 36-3-A | Joshua Hoff |
| Daniel Martinez | 080542 | 18-4-A | David Martin |
| Jeffery Smith II | 484138 | 31-4-A | Jeffery Smith II |
| Cornelius Wilkins | 805323 | 27-3-A | Cornelius Wilkins |
| Holices Hernandez-Ruiz | 629082 | 46-4-A | Hernandez Ruiz |
| Raul Becerra López | 521532 | 51-4-A | Raul Becerra López |
| Tyler Kieft | 612194 | 37-4-A | |
| Cruz | 721733 | 47-4-A | Cruz |
| Jonathan Cole | 535158 | 3-4-A | Janathan Cole |
| Tarik Salyer | 638144 | 15-4-A | Tarik Salyer |

-19-

*** Lawsuit on Mich SORA Laws ***

| Name (Print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Brandon Purl | 384566 | 59-3A | Brandon Purl |
| Brian Meyer | 353155 | 20-3-A | Brian R. Mey |
| Robert Combs | 213966 | 26-1-A | Robert Combs |
| Anthony Donaldson | 318742 | 14-3-A | Anthony Donaldson |
| Christopher A Jette | ___ | 64A-4 | Christopher Jette |
| Michael Holton | 240844 | 35-4-A | Mif Holton |
| John Grosnickle | 620656 | 4-1-A | John MN Grose |
| Lee Thomas Holmes | 704429 | 58-3-AS | Lee |
| Christopher Baldwin | 530060 | 67-1-B | CJ Bald |
| Wm Cassady | 168635 | 79-3-A | Wm Cassady |
| Gary Guyor | 648075 | 10-3-A | Gary Guyor |
| Linzel Fouts | 203853 | 35-3-A | Linzel Fouts |
| Lonnie Welch | 190483 | 20-3-A | Lonnie Welch |
| Andrew T. Grott | 663906 | 42-1-A | Andrew T. Mrott |
| WALTER WALIS | 927342 | 36-1-A | Walter Walis |
| Corey Hernandez | 357096 | 43-1-A | corey hernandez |
| Dwight A Stacey II | 979888 | 23-1-A | Dwight A. Stacey II |
| WALT HARRINGTON | 501309 | 44-1-A | Walt Harrington |
| Nick Koch | 492158 | 08-7-A | Nick Koch |
| Arthur J. Rouse | 274237 | 78-3-A | Arthur J Rouse |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### *** Lawsuit on Mich SORA Laws ***

| Name (Print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Matthew H. Norton | 767920 | 61-4-A South | Matthew H. Norton |
| Benjamin Carter | 666113 | 13-3-A south | Benjamin Carter |
| Brian Leo Neelis | 220653 | 80-3-A south | Brian Leo Neelis |
| Lonnie Welch | 190483 | 20-3-A | Lonnie Welch |
| Daniel R Corder II | 382878 | 66-4-A | Dan R Corder |
| Julius Runyon | 491950 | 22-4-A | Julius Runyon |
| Wm Cassady | 168235 | 79-3-A | Wm Cassady |
| Justin R. Dierick | 472566 | 12-3-A | Justin R. Dierick |
| Willie Moorer | 330642 | 24-3-A | Willie Moorer |
| Richard Sieradzki | 193629 | 77-3-A | Richard Sieradzki |
| Christopher Washington | 365096 | 39-3-A | Christopher Washington |
| Brian Beals | 341496 | 55-3-A | Brian Beals |
| Austin Nowell | 938459 | 2-4-A | Austin Nowell |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arthur J. Rouse et al (Prose)

**DEFENDANTS**
Mich State Police et al

**(b)** County of Residence of First Listed Plaintiff  Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Diamondale
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
No Attorney   Arthur J. Rouse #274237
Parnall Corr. Fac. 1780 E. Parnall
Rd. Jackson, MI 49201-7139

Attorneys *(If Known)*
Dunna Nessel (Mich AG)
PO Box 30217 Lansing, MI
(517) 335-3055  48909

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [X] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

Thanks

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981, 1983     28 USC 2201, 2202   See Jurisdiction page
Brief description of cause: Mich Sex Offender Registration Law (Injunction)

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  Yes

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  None
DOCKET NUMBER

DATE  11-15-21

SIGNATURE OF ATTORNEY OF RECORD  Arthur J. Rouse  Arthur J. Rouse

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Arthur J. Rowe, #274239
Parnall Correctional Facility
1780 E. Parnall Road
Jackson, MI 49201-7139



11/17/21

RECEIVED
DEC 06 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

Kinikia D. Essix
Chief Court Clerk
US District Court
231 W. LaFayette Blvd.
Detroit, MI 48226