UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES et al.,

    Plaintiffs,

v.

Case No. 21-cv-12843
HON. MARK A. GOLDSMITH

MICHIGAN STATE POLICE et al.,

    Defendants.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 47)**

### I.    INTRODUCTION

Plaintiffs filed this class action challenging the constitutionality of Michigan's Sex Offender Registration Act, Mich. Comp. Laws. § 28.723, et seq, as it was amended in 2021 (SORA 2021). Plaintiffs brought eight claims, alleging that SORA 2021 violates constitutional protections regarding ex post facto, due process, equal protection, the First Amendment, and the Fourth Amendment. Am. Compl. (Dkt. 30). This action is substantially identical to another action before the Court, Does v. Whitmer (Does III), No. 22-cv-10209, which was filed a few months after the instant action. Confronted with two cases challenging SORA 2021, the Court determined that the instant case be stayed, so that the challenge would be litigated in Does III. See 5/17/22 Order (Dkt. 40). The stay order noted the "significant overlap in almost all claims," with the exception of the Fourth Amendment claim, which was brought in the instant case, but not in Does III. Id. at 2–3. The classes in the two cases appear to be the same because, as the stay order noted, both actions were filed on behalf of "all people who are or will be subject to registration under SORA 2021." Id. at 2.

The stay in this case was partially lifted so that the Fourth Amendment claim could be adjudicated by way of dispositive motions, see 7/23/24 Order (Dkt. 46), following which a motion to dismiss based on the Fourth Amendment claim was filed (Dkt. 47). After the Court ruled on cross motions for summary judgment in Does III, it solicited the views of the parties to the instant case, as to whether the ruling in Does III resolved the issues in the instant case, except for the Fourth Amendment claim.[1] See 11/22/24 Text-Only Order. The parties confirmed that it did.[2]

For the reasons that follow, the Court grants the motion to dismiss.[3]

## II. ANALYSIS[4]

### A. SORA 2021's Reporting Requirements

Under SORA 2021, registrants are classified into three tiers based on their offense.[5] A registrant's tier determines the term of registration, reporting requirements, inclusion in the public registry, and ability to petition for removal from the registry. Depending on tier, registrants are required to report in person with their registering authority at specified intervals to review and

---

[1] The Court's ruling on the cross motions for summary judgment in Does III can be found at Does III, No. 22-cv-10209, 2024 WL 4340707 (E.D. Mich. Sept. 27, 2024).

[2] See Defs. Mem. Concerning Outstanding Issues (Dkt. 50); Pls. Mem. Concerning Outstanding Issues (Dkt. 52).

[3] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing also includes Plaintiffs' response (Dkt. 48) and Defendants' reply (Dkt. 49).

[4] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

[5] For more detailed information on the history of SORA and the three-tier system, see Does III, 2024 WL 4340707, at *1–5 (E.D. Mich. Sept. 27, 2024).

verify their personal information. Mich. Comp. Laws § 28.725a(3)–(4). Tier I registrants are required to report in person once per year, Tier II registrants twice per year, and Tier III registrants four times per year. Id.

In addition, all registrants are required to report changes to certain personal information within three business days. Mich. Comp. Laws § 28.725(1)–(2). SORA 2021 allows for, but does not require, the MSP to establish methods other than in-person reporting for certain required updates. In practice, the MSP requires registrants to report in person within three business days whenever they change their name, address, employment, or schooling. Does III, 2024 WL 4340707, at *4. Only changes in travel plans, vehicle information, internet identifiers, and telephone numbers can be reported by mail, and the MSP could, in theory, return to requiring in-person updates at any time. Id. A willful violation of these reporting requirements constitutes a felony punishable by up to four years imprisonment for a first offense, seven years for a second offense, and ten years for a third offense. Mich. Comp. Laws. § 28.729.

### B. Fourth Amendment Seizures

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. However, "one is only seized within the meaning of the Fourth Amendment where an officer" (i) "applies physical force to restrain a suspect" or (ii) applies "a show of authority that has in some way restrained the liberty of the person." United States v. Jeter, 721 F.3d 746, 751–752 (6th Cir. 2013) (punctuation modified).

Plaintiffs do not allege that Defendants use physical force to seize them. Am. Compl. ¶ 132. Instead, Plaintiffs allege that SORA 2021's reporting requirements constitute a "show of authority that leaves Plaintiffs with no choice but to submit and appear before their registering authority." Id. Plaintiffs contend that "the seizure of [Plaintiffs] one or more times per year is

3

unreasonable and violates their Fourth Amendment rights." Id. ¶ 154. In response, Defendants argue that reporting requirements do not constitute a seizure for purposes of the Fourth Amendment. Mot. at 4–9. The Court agrees with Defendants.

Defendants correctly note that the Sixth Circuit has already addressed this issue and held that reporting requirements do not constitute a seizure under the Fourth Amendment. Mot. at 4–6 (citing Willman v. Att'y Gen. of United States, 972 F.3d 819 (6th Cir. 2020)). In Willman, the plaintiff challenged the constitutionality of the federal Sex Offender Registration and Notification Act (SORNA). Id. at *824–827. Like Michigan SORA, federal SORNA requires Tier I registrants to report in person once per year, Tier II registrants twice per year, and Tier III registrants four times per year. 34 U.S.C. § 20918. In addition, federal SORNA requires registrants to report changes in name, address, employment, and education in-person within three business days. Id. § 20913(c). Willman alleged that SORNA's registration requirements constitute unreasonable seizures that violate the Fourth Amendment. Willman, 972 F.3d at *826. The Sixth Circuit rejected Willman's argument, explaining that SORNA's "[reporting] obligations do not prohibit plaintiff from exercising his liberty to go to different places, and they do not even require him to obtain permission first." Id.

Plaintiffs contend that Willman does not address their specific Fourth Amendment claim for two main reasons.[6] First, Plaintiffs argue that Willman's reliance on two habeas cases—United States v. Benevento, 633 F. Supp. 2d 1170 (D. Nev. 2009) and Hautzenroeder v. DeWine, 887 F.3d 737 (6th Cir. 2018)—renders its holding inapplicable here because "in-custody" and

---

[6] Plaintiffs also argue that "Willman was concerned solely with SORNA, not SORA." Resp. at 6. But as already explained, both statues contain nearly identical reporting requirements, and Plaintiffs offer no explanation why an analysis of SORA would be different than that of SORNA. The Court, therefore, finds this argument unavailing.

"seizure" are distinct inquiries with different standards. Resp. at 4–5. But Willman did not conduct an "in-custody" analysis; rather, it specifically referenced the "seizure" standard articulated by the Sixth Circuit in Jeter. Willman, 972 F.3d at *826.[7]

Second, Plaintiffs assert that the parties in Willman were arguing "some amorphous continuous seizure concept rather than the specific in-person reporting requirements." Resp. at 6–12 (punctuation modified). Plaintiffs cite to the district court's opinion and the parties' pleadings in support of this argument. Id. But the words "continuous seizure" do not appear in the Sixth Circuit's opinion. Contrary to Plaintiffs' assertion, the Sixth Circuit squarely addressed and rejected Willman's assertion that "SORNA's registration requirements constitute unreasonable seizures that violate the Fourth Amendment." Willman, 972 F.3d at *826. There is no disputing that Willman's holding applies to Plaintiffs' Fourth Amendment claim here.

Because SORA's reporting requirements, like those of SORNA, do not restrain Plaintiffs' liberty to move around and travel freely, Plaintiffs have not plausibly alleged that they are "seized" by such reporting requirements. As Defendants correctly explain, "[s]tatutorily required periodic reporting is not the same as a show of force by an individual officer against a specific person during

---

[7] The court's mention of Benevento merely highlighted the fact that SORNA's reporting requirements do not constrain a registrant's liberty to "go different places," which was central to the court's seizure analysis. Willman, 972 F.3d at *826. And the court's mention of Hautzenroeder made even more clear that the court was applying a seizure analysis. In Hautzenroeder, the Sixth Circuit held that Ohio's sex offender registry law—which is even more burdensome than SORNA—did not render a sex offender "in custody" for purposes of a 28 U.S.C. § 2254 petition. Hautzenroeder, 887 F.3d 737. The Willman court, citing Hautzenroeder, held that "likewise, SORNA does not render Willman 'seized,' so his Fourth Amendment claim is not facially plausible." Willman, 972 F.3d at *826 (emphasis added). This makes clear that the court applied a "seizure" inquiry.

5

an encounter." Reply at 4. "That is the end of the Fourth Amendment claim." Id.[8] For these reasons, the Court grants Defendants' motion to dismiss Plaintiffs' Fourth Amendment claim (Dkt. 47).

### III. CONCLUSION

Now that the Court has denied the Fourth Amendment challenge in the instant case and has also ruled on the parallel claims in Does III, the instant case can proceed to judgment. Whatever relief that was sought in this case, other than the Fourth Amendment claim, has either been denied or granted in Does III. The relief granted in Does III inures to the benefit of Plaintiffs in this action and to the class they sought to represent. Therefore, those claims need not be further adjudicated here and can be denied here, without prejudice. The Fourth Amendment claim, which is unique to this action, will be denied with prejudice.

SO ORDERED.

Dated: March 26, 2025　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2025.

　　　　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[8] Defendants also argue that Plaintiffs' Fourth Amendment claim does not apply to the Michigan Department of Corrections Defendants. See Mot. at 5, n.4. Because the Court dismisses Plaintiffs' claim on other grounds, it does not need to address this argument.

Because it finds that Willman is controlling, the Court also does not need to address Plaintiffs' arguments supporting their claim that Plaintiffs are seized every time they are compelled to submit to law enforcement officers, Resp. at 12–25. There is no need to undertake a Fourth Amendment seizure analysis where the Sixth Circuit has already spoken in Willman.